UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL G. CLEWIES,<br><br>              Plaintiff,<br><br>       v.<br><br>AT&T INC.,<br><br>              Defendants. | No. 2:23–cv–834–DAD–KJN PS<br><br>ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND<br><br>(ECF No. 2.) |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, and so his request is granted. See, e.g., Ketschau v. Byrne, 2019 WL 5266889, *1 (W.D. Wash. Oct. 17, 2019) (noting IFP may be appropriate for "persons who are unemployed and dependent on government assistance.").

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

Rule 8(a) of the Federal Rules of Civil Procedure (the "Rule(s)") requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

///

2

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis**

Plaintiff's complaint states he is raising claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et. seq. Named as defendants are AT&T (a corporation), John Stankey (a C.E.O.), Debra Curry ("Executive Care and Advocacy"), and Jamie Burchette ("Attorney"). An addendum to the form complaint indicates plaintiff entered into an agreement with AT&T for internet services, but between June of 2022 and the present, the company failed to provide him with this service despite the company charging him a monthly fee. Plaintiff seeks $150,000 in damages, punitive damages, and (it appears) an injunction ordering AT&T to honor a contractual agreement. (See ECF No. 1.)

Based on the claims alleged, plaintiff's complaint does not withstand the court's screening inquiry. The only claim stated in the complaint is under the FDCPA, but based on the facts stated, this statute appears to be of no help to plaintiff. The FDCPA, by its stated terms, allows for a plaintiff to bring suit against debt collectors. Baker v. G.C. Services Corp., 677 F.2d 775 (9th Cir. 1982). An entity that collects a debt owed to itself does not qualify as a "debt collector" under the FDCPA. Barnes v. Routh Crabtree Olsen PC, 963 F.3d 993, 997 (9th Cir. 2020) ("Our cases explain that a debt collector is a person who engages in 'the collection of a money debt' on behalf of a third party.") (emphasis added). Setting aside other issues with the complaint, this dispute appears to be between plaintiff and AT&T, and any attempt by AT&T to collect on its own account is not subject to the FDCPA. Thus, plaintiff's complaint must be dismissed.

Nevertheless, in light of plaintiff's pro se status, and because it is at least conceivable that plaintiff could allege additional facts to state, for example, a state law contract claim against the company, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint.

See Lopez, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected).[2]

## STANDARDS FOR AMENDMENT

If plaintiff elects to file an amended complaint, this new pleading shall be captioned "First Amended Complaint" and not be longer than 5 pages in length. Plaintiff may use another form complaint if he wishes, and shall restate his facts alongside whatever claims he intends to bring. If alleging diversity jurisdiction, plaintiff shall allege the citizenship of all parties, and shall have a sufficient basis to allege damages to meet the amount in controversy requirement. 28 U.S.C. § 1332. If plaintiff has evidence of his contract, he may attach it to the complaint. This amended complaint shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an

---

[2] For this court to have subject matter jurisdiction over a contract claim, it would need to arise under the court's diversity jurisdiction, which requires the parties to be citizens of different states and an amount in controversy over $75,000. Based on a cursory review of the complaint, it is possible that plaintiff and AT&T are completely diverse, as corporations are citizens of the states based on their incorporation and principle place of business. However, the court is concerned that a contract action such as this would not meet the amount in controversy requirement, as California law pegs contract damages to what a plaintiff would have received if the contract had been fully performed on both sides. See Cal. Civ. Code § 3358 ("[N]o person can recover a greater amount in damages for the breach of an obligation, than he could have gained by the full performance thereof on both sides."); see also, e.g., Cates Constr., Inc. v. Talbot Partners, 21 Cal. 4th 28, 61 (1999) ("In the absence of an independent tort, punitive damages may not be awarded for breach of contract even where the defendant's conduct in breaching the contract was willful, fraudulent, or malicious."); Erlich v. Menezes (1999) 21 Cal. 4th 543, 558 ("[D]amages for mental suffering and emotional distress are generally not recoverable in an action for breach of an ordinary commercial contract in California."). It is highly unlikely that plaintiff's contract for internet services amounts to damages over $75,000.
  Plaintiff should be aware that California Superior courts can hear contract actions without regard for the $75,000 amount-in-controversy requirement. It is more than likely that this action belongs in state court. Should plaintiff agree, he may file a notice of voluntary dismissal in this court then refile his action in Superior court. However, so as not to prejudge the issue, leave to amend will not be denied at this time. Plaintiff shall consider California law regarding contract damages when deciding whether to amend in this court or take his claim to his local Superior Court.

amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file an amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this time, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is GRANTED;
2. Plaintiff is granted 28 days from the date of this order, plaintiff shall file either (a) an amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and
3. Failure to file either an amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: May 18, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

clew.834

5