UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL G. CLEWIES,<br><br>               Plaintiff,<br><br>          v.<br><br>AT&T INC.,<br><br>               Defendants. | No.  2:23–cv–834–DAD–KJN PS<br><br>FINDINGS AND RECOMMENDATINOS TO DISMISS<br><br>(ECF Nos. 1, 2, 4.) |

Plaintiff, proceeding without counsel in this action, previously requested leave to amend without prepayment of the filing fee ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).  This request was granted, but the undersigned found plaintiff's complaint deficient, noted the issues with the claims as stated, and granted leave to amend.  (ECF No. 3.)  Plaintiff timely submitted his amended complaint (the "1AC").  (ECF No. 4.)  However, instead of correcting for the errors noted in the previous order, plaintiff has chosen to double down on his deficient claim under the Fair Debt Collection Practices Act.  Thus, the undersigned recommends plaintiff's 1AC be dismissed and leave to amend be denied.

///

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

///

///

**Analysis**

Plaintiff's first amended complaint restates his intent to attempt to raise a claim under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et. seq.  Named as defendant in the 1AC is AT&T.  The complaint labels AT&T as a "debt collector" as defined under the act, but indicates that plaintiff's dispute with AT&T concerns a debt the corporation attempted to collect from plaintiff on an account between the two parties.  (ECF No. 4.)  An addendum to the original complaint indicated plaintiff entered into an agreement with AT&T for internet services, but between June of 2022 and the present, the company failed to provide him with this service despite the company charging him a monthly fee.  (See ECF No. 1.)

As the court previously stated, plaintiff cannot bring an FDCPA claim against AT&T for the company's attempt to collect on its own account.  The FDCPA, by its stated terms, allows for a plaintiff to bring suit against debt collectors.  Baker v. G.C. Services Corp., 677 F.2d 775 (9th Cir. 1982).  An entity that collects a debt owed to itself does not qualify as a "debt collector" under the FDCPA.  Barnes v. Routh Crabtree Olsen PC, 963 F.3d 993, 997 (9th Cir. 2020) ("Our cases explain that a debt collector is a person who engages in 'the collection of a money debt' on behalf of a third party.") (emphasis added).  Thus, plaintiff's complaint must be dismissed.

Ordinarily, the court liberally grants a pro se plaintiff leave to amend.  However, plaintiff has previously been informed he could not bring an FDCPA claim against AT&T based on these facts; instead of heeding the court's guidance, plaintiff simply reasserted this same claim in the 1AC.  Because plaintiff continues to file only slightly different versions of the same pleadings in his attempts to amend, the court concludes that granting further leave to amend would be futile.  Cahill, 80 F.3d at 339.

**RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE; and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after

being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  June 14, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

clew.834